## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| GREGORY BRIAN MYERS, | ) | Case No.  19-10392 (BLS) |
| | ) | |
| Debtor. | ) | Docket No. 6 and 9 |

### ORDER DISMISSING CASE

Before the Court is the Chapter 13 Trustee's Motion to Dismiss Case or Alternatively to Transfer Venue to the District of Maryland (the "Motion") [Docket No. 6]. The Motion is supported by Wells Fargo Bank, N.A. [Docket No. 9]. In opposition to the Motion, the Debtor has filed his Motion to Extend Time to File a Response to the Motion [Docket No. 19]. A hearing on the Motion was held on March 26, 2019, at which time the Court heard argument from the Debtor and the Chapter 13 Trustee. The record reflects as follows:

1.      This Chapter 13 case was commenced by the Debtor *pro se* on February 27, 2019.

2.      This Debtor is currently a Chapter 7 debtor in a case pending in the United States Bankruptcy Court for the District of Maryland, being Case No. 15-26033 (the "Maryland Case").

3.      By a comprehensive Memorandum Opinion and Order dated September 28, 2018, the Honorable Wendelin Lipp has denied the Debtor a discharge in the Maryland Case. That ruling is presently on appeal in the United States District Court for the District of Maryland.[1]

4.      The Chapter 13 Trustee seeks dismissal of this case, or alternatively transfer to Maryland, on the ground that this Court is not a proper forum within which this Debtor might

---

[1]      By Order dated March 26, 2019, this Court lifted the automatic stay to permit that appeal to move forward [Docket No. 23].

seek relief under the bankruptcy laws.  In support of his motion, the Trustee notes:

- The Maryland Case is still open;

- The Debtor resides in Florida;

- The Debtor has property in Florida and Maryland, but not Delaware; and

- The petition and related materials filed by the Debtor show no meaningful connection to Delaware.

5.      In response, the Debtor requests that the hearing on the Motion be adjourned until after he files his schedules and is examined at a meeting of creditors convened under Bankruptcy Code § 341.  In addition, the Debtor contends that the Motion is procedurally deficient as it was not served upon all creditors.  Finally, the Debtor contends that under Bankruptcy Rule 1014, the court handling the Maryland Case (as the first-filed case) must make the determination regarding in which court this case should proceed.

6.      This Court has considered the parties' arguments at the hearing, reviewed all of the submissions made by the Debtor in this case, and taken judicial notice of filings, rulings and submissions in the Maryland Case.  The Court concludes that the District of Delaware is an improper venue for this Debtor's case.

7.      The filings before the Court show no connection to Delaware.  At the hearing, the Debtor contended that several of his creditors are Delaware corporations or are based in Delaware, and that this will be reflected in his schedules once they are filed.  This assertion, even if true, is not sufficient to establish that Delaware is a proper venue for this case.

8.      Also at the March 26, 2019 hearing, the Debtor represented that his sole hook for venue in the District of Delaware was his interest in a corporation registered in Delaware.

Specifically, he stated that he is an officer, director and shareholder of a Delaware corporation.

The Court notes that that corporation, U.S. Medical Marijuana Store, Inc., was incorporated only

one day before the Debtor's petition was filed and therefore clearly does not meet the time

requirements of 28 U.S.C. § 1408 which provides:

> Except as provided in section 1410 of this title, a case under title
> 11 may be commenced in the district court for the district –
>
> (1) in which the domicile, residence, principal place of business in
> the United States, or principal assets in the United States, of the
> person or entity that is the subject of such case **have been located
> for the one hundred and eighty days immediately preceding
> such commencement,** or for a longer portion of such
> one-hundred-and-eighty-day period than the domicile, residence, or
> principal place of business, in the United States, or principal assets
> in the United States, of such person were located in any other
> district; or
>
> (2) in which there is pending a case under title 11 concerning such
> person's affiliate, general partner, or partnership.

Equally significant is that the business in question (and any proceeds or income received

therefrom) is presumably unlawful under federal law, further calling into question the propriety

of filing in this jurisdiction.

9.      Because venue is improper in this District, the Court does not have discretion to

retain this case, but instead, must transfer or dismiss it. "[T]he Court's hands are tied by statutory

and case law when venue is unsupportable under § 1408." *In re Houghton Mifflin Harcourt Pub.

Co.,* 474 B.R. 122, 137 (Bankr. S.D.N.Y. 2012). "[U]nder [28 U.S.C.] § 1406, if a case is

brought in an improper venue and an interested party timely objects, a district court has only two

options: (1) dismiss the case, or (2) transfer the case to a jurisdiction of proper venue, if it be in

the interest of justice." *Thompson v. Greenwood,* 507 F.3d 416, 420 (6th Cir. 2007). "The

majority of courts have held that section 1406(a) governs bankruptcy cases as well as district court cases." *In re Axiant*, LLC, No. 09-14118 MFW, 2012 WL 5614588, at *5 (Bankr. D. Del. Nov. 15, 2012) (Walrath, J.) " [A] bankruptcy court faced with an improperly venued action must either dismiss the action or transfer it..." *In re EDP Med. Computer Sys., Inc.*, 178 B.R. 57, 63 (M.D. Pa. 1995). The decision between dismissing a case or transferring it rests within the sound discretion of the Court. As this Debtor already has a case pending in another forum, dismissal is appropriate.

10.     The Debtor's argument that Bankruptcy Rule 1014(b) precludes this Court from hearing the Motion is similarly unavailing. Rule 1014(b) only provides that the first-filed Court "may determine" in which Court a case might proceed. The Maryland Court's acknowledged prerogative under Rule 1014(b) does not impair this Court's ability or authority to dismiss a case which it may not retain.

11.     The Court acknowledges that there may be technical defaults associated with the filing and service of the Motion. The Court finds that any such shortcomings are not material to disposition of the Motion, particularly given that the undisputed record reveals that this case was improperly venued in Delaware from the outset, and may not be retained here.

12.     Prompt consideration of the Chapter 13 Trustee's Motion is particularly appropriate as, even though this case was improperly brought here, creditors remain subject to the automatic stay until either the case is dismissed or they obtain relief from the stay. Thus, allowing an obviously defective case to proceed raises the risk that a debtor may simultaneously benefit from an abuse of process and unfairly burden legitimate stakeholders and creditors.

BASED UPON the foregoing, it is hereby **ORDERED** that this case is **DISMISSED**;

and it is further

      **ORDERED**, that the Debtor's Motion to Extend Time to File a Response to the Motion

is **DENIED**; and it is further

      **ORDERED**, that the Debtor's Motion to Strike the Joinder of Wells Fargo Bank, N.A. is

**DENIED**; and it is further

      **ORDERED**, that the Order Granting Motion to Extend Time to File Schedules and/or

Statement of Affairs [Docket No. 12] is **VACATED**.


Dated:  Wilmington, Delaware
       March 28, 2019

Brendan Linehan Shannon
United States Bankruptcy Judge


cc:    The Honorable Wendelin I. Lipp
      Michael B. Joseph, Esquire
         Chapter 13 Trustee
      Mr. Gregory Brian Myers